**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KYLE JOHNSON<br>25 Hertzog Drive<br>Eola, Pennsylvania 17540 | : CIVIL ACTION – LAW<br>:<br>: |
|               Plaintiff, | : NO.<br>:<br>: |
|      vs. | :<br>: *Electronically filed*<br>: |
| AIMBRIDGE HOSPITALITY, LLC d/b/a<br>AIMBRIDGE HOSPITALITY HOTEL<br>MANAGEMENT COMPANY d/b/a<br>INTERSTATE HOTELS d/b/a<br>PENN SQUARE RESTAURANT<br>25 South Queen Street<br>Lancaster, Pennsylvania 17603 | : JURY TRIAL OF 12 DEMANDED<br>:<br>:<br>:<br>:<br>:<br>: |
|               Defendant. | :<br>: |

## COMPLAINT

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as the action arises under Title VII, 42 U.S.C. §2000e, *et seq*. and as well as inasmuch as the matters in controversy are brought pursuant to the federal claims of Title VII, Section 1981. Plaintiff's Notice of Right to Sue letter was issued on January 26, 2023 and is attached as Exhibit A and this Complaint was filed within 90 days of receipt of that Notice. Plaintiff cross-filed this matter under the Pennsylvania Human Relations Act, 43 Pa.C.S. §951, *et seq*., with the Pennsylvania Human Relations Commission and it has not been one year since that cross-filing. Plaintiff seeks the Court to deem this action filed when one year has passed. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because they are so related to the federal claims that they form part of the same case.

2.    Venue is proper in the Eastern District of Pennsylvania because Plaintiff lives in and worked in this district at a facility owned or operated by Defendant in Lancaster, Lancaster County, Pennsylvania.

## FACTUAL ALLEGATIONS

3.    Plaintiff is Kyle Johnson, an adult individual and a resident of the Commonwealth of Pennsylvania who lives in Lancaster County presently at 25 Hertzog Drive, Eola, Pennsylvania, 17540.

4.    Defendant, Aimbridge Hospitality, LLC d/b/a Aimbridge Hospitality Hotel Management Company d/b/a Interstate Hotels d/b/a Penn Square Restaurant, ("hereinafter Defendant") is a corporate entity registered in the state of Delaware with headquarters in Plano, Texas and with a registered agent/service address of 600 North Second Street, Suite 401, Harrisburg, Pennsylvania 17101.

5.    Plaintiff's race is Caucasian, his color is white.

6.    Plaintiff worked for Defendant at 25 South Queen Street, Lancaster, Pennsylvania 17603.

7.    Plaintiff worked at Defendant as a Bartender/Server for 13 months.

8.    Plaintiff has been retaliated against by Defendant in response to Plaintiff reporting offensive racial remarks made by Plaintiff's Manager.

9.    On or about end of December of 2021, Plaintiff was told by his Manager, Israel Prada Rivas, "Give those monkeys their check and get them out of my restaurant", referring to a table of black customers.

10.    Plaintiff reported this to another Manager present at the time, Mia Carlson and she told Plaintiff to "calm down".

2

11.     Approximately three to four days later, Plaintiff reported these racial comments made by Manager Rivas to Sharon Doersom of Human Resources.

12.     On January 16, 2022, due to an impending snow storm predicted for that day, Plaintiff called into work and spoke with Assistant Manager Jonathan Rodriguez.

13.     Plaintiff explained to Assistant Manager Rodriguez that Plaintiff could not get stuck at work as he lives with, takes care of and had to pick medicine up for his medically disabled grandmother.

14.     Assistant Manager Rodriguez told Plaintiff that he would be able to leave work early if needed due to the bad weather.

15.     Plaintiff went in for his shift on January 16, 2023 and the weather grew increasingly worse. was there for a couple of hours and got bad outside. Afraid he would get stuck. He got contradictory information.

16.     As Plaintiff had been told earlier that he could leave if the conditions worsened, Plaintiff attempted to close out his tables, but Manager Rivas told him he would have to stay.

17.     Plaintiff's Manager, after allowing another employee to leave before him, told Plaintiff he would need to stay.

18.     Manager Rivas told Plaintiff that they could put him up in a room in the hotel if he got stuck there.

19.     Plaintiff explained again that he could not get stuck at work due to caring for his medically disabled grandmother.

20.     Plaintiff ended up going to the hostess, told her to stop giving him tables, and that he would have to go home.

21.     Manager Rivas did not say anything else to Plaintiff the rest of the night.

22.     Plaintiff closed out his tables and all financials on January 16, 2022 and then left.

3

23. Approximately three days later, Manager Rivas called Plaintiff into the Human Resource office where Human Resource representative, Sharon Doersom, was present.

24. Manager Rivas handed Plaintiff paperwork and told Plaintiff he was terminated.

25. Plaintiff questioned whether this had something to do with Plaintiff reporting Manager Rivas to Human Resources just shortly before that.

26. Human Resource representative, Sharon Doersom, quit approximately two days later.

27. Plaintiff's termination was in retaliation for his protected activity in raising racial complaints/concerns.

28. Plaintiff believes his treatment would dissuade a reasonable worker from complaining of discrimination.

29. Defendant acted maliciously, oppressively, or in reckless disregard of Plaintiff's rights under federal law making it liable for punitive damages, or such similar state law punitive damage standard under state law making it liable for punitive damages.

30. At all relevant times, the Defendant did not act in good faith, and the activity of terminating Plaintiff was done in consultation with Human Resources and second-line supervisors or above.

31. Defendant's activity herein was not done pursuant to good-faith practices in anti-discrimination requiring Kolstad liability.

32. No similarly-situated members of other protected classes were treated in this fashion.

33. Plaintiff's counsel has incurred attorney's fees and costs which are recoverable under the actions brought in this litigation.

4

34.     Plaintiff experienced humiliation, embarrassment, and emotional distress as a result of Defendant's conduct.

35.     At all relevant times, Defendant, by and through the actions and inactions of its Human Resource officials, managers, agents, and employees, has failed to act in good faith towards Plaintiff, and intentionally or recklessly ignored company non-discrimination and non-retaliation policies.

36.     Defendant's management and Human Resource officials aided and abetted discrimination by Defendant under the PHRA by the aforesaid conduct.

37.     Plaintiff sustained damages as a result of Defendant's conduct, including lost compensation and benefits (including medical benefits, 401K and life insurance contributions, and other benefits) and actual monetary losses, compensatory damages, liquidated damages, attorney's fees, costs and witness fees, and is entitled to equitable relief, including reinstatement, and an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009).

38.     There is a causal link between the adverse actions and the employment actions herein.

**COUNT I**

**VIOLATION OF TITLE VII**

**RETALIATION**

39.  Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

40.  Plaintiff suffered adverse employment action(s) because he reported what he thought were discriminatory racial comments and actions.

41.  Plaintiff had a good-faith, reasonable belief that his conduct was protected activity.

42. There is a causal connection between the adverse employment action sustained by Plaintiff and his protected activity herein.

43. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT II

## PENNSYLVANIA HUMAN RELATIONS ACT

## RETALIATION

44. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

45. Plaintiff suffered adverse employment action(s) because he reported what he thought were discriminatory racial comments and actions.

46. Plaintiff has a good-faith, reasonable belief that his conduct was protected activity.

47. There is a causal connection between the adverse employment action sustained by Plaintiff and his protected activity herein.

48. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any;

(5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages;

(7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences

for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

Respectfully submitted,

Date: April 25, 2023       BY: ___s/ Edward C. Sweeney___
                                Edward C. Sweeney, Esquire
                                Attorney for Plaintiff
                                I.D. No. 64565
                                102 Pickering Way, Suite 403
                                Exton, PA 19341
                                (610) 594-1600
                                Validation of signature code: ECS1942

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 01/26/2023

**To:** Kyle Johnson
25 Hertzog Drive
Leola, PA 17540
Charge No: 530-2022-05299

EEOC Representative and #:            Legal Unit

(267) 589-9707

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
01/26/2023
Karen McDonough
Deputy District Director

**Cc:**
Katie Bayt
Ogletree Deakins
300 N MERIDIAN ST STE 2700
Indianapolis, IN 46204

Amy Bennett
Ogletree Deakins
300 N MERIDIAN ST STE 2700
Indianapolis, IN 46204

Robyn Funk
Ogletree Deakins
8117 PRESTON RD STE 500
Dallas, TX 75225

Edward C Sweeney
Sweeney & Ryan, LLC
102 Pickering Way, Ste 403
Exton, PA 19341

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 530-2022-05299 to the District Director at Jamie Williamson, 801 Market St Suite 1000

Philadelphia, PA 19107.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.